**If IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**ALONZO HOARCE HARRIS,**

      **Petitioner,**

v.                                                 **Civil Action No. 5:20cv55
(Judge Bailey)**

**BRYAN M. ANTONELLI, Warden,**

      **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On March 19, 2020, Petitioner, Alonzo Harris, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges Petitioner's conviction and sentence in the Southern District of Texas. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

**A. Conviction and Sentence**

---

[1] The facts are taken from Petitioner's Criminal Case No. 4:11-cr-00679 in the United States District Court for the Southern District of Texas available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. <u>Philips v. Pitt Cnty. Mem Hosp.</u>, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); <u>Colonial Penn. Ins. Co. v. Coil</u>, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On May 16, 2012, the federal grand jury for the Southern District of Texas, returned an 18-count Second Superseding Indictment charging Petitioner and eleven other defendants with conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. § 1951(a) (Count 1); conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count 2); aiding and abetting bank robbery in violation of 18 U.S.C. §§ 2113(a) and 2 (Counts 3, 5, 7, 9, 11, 13, 15, 17); aiding and abetting the use of a firearm in furtherance of a crime of violence by brandishing a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 2 (Counts 4, 6, 8, 10, 12, 14, 16); and aiding and abetting the use of a firearm in furtherance of a crime of violence by discharging a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2 (Count 18). ECF No. 214. Petitioner was charged in 12 counts (Counts 1, 2, 7-14, 17 and 18). Id.

On May 29, 2013, Petitioner pleaded guilty, pursuant to a plea agreement with the United States of America to Count 2 (conspiracy to commit bank robbery), Counts 7, 9, 17 (bank robbery), and Count 18 (use of a firearm during a commission of a violent crime). As part of his plea agreement, Petitioner waived his right to appeal his sentence. In addition, Petitioner waived his right to collaterally attack his conviction or sentence under 28 U.S.C. § 2255. ECF No. 424. Sentencing was deferred to allow for the preparation of a presentence report.

The probation Department determined that Petitioner's combined adjusted offense level for the conspiracy and bank robberies, which included a 4-level upward adjustment for the abduction of a bank employee to facilitate commission of the offense, and a 4-level upward adjustment for the use of a firearm during a robbery, yielded an offense

level of 39. Three levels were subtracted for acceptance of responsibility, resulting in a Total Offense Level of 36.

Petitioner's previous convictions for burglary of a habitation, discharge of a firearm-metropolitan area, prohibited weapons, assault of a family member, felon in possession of a weapon, possession of phencyclidine, possession of cocaine, burglary of a building, and assault of a family member, established a criminal history category of VI.

A total offense level of 36 and a criminal history category of 6 resulted in an imprisonment range of 324 to 405 months. That range did not include the statutory mandatory minimum, consecutive term of 120 months imprisonment for Count 18. The maximum term of imprisonment for counts 7, 9, and 17 was twenty years, pursuant to 18 U.S.C. 2113(a).

On November 14, 2013, the Court sentenced Petitioner to 60 months as to Count 2; 240 months as to each of Counts 7 and 9, to run concurrently to each other; 60 months as to Count 17, to run consecutive to all counts; and 120 months as to Count 18, to run consecutive to all counts. The total term of imprisonment was 480 months. Additionally, the Court ordered supervised release after imprisonment: three years as to Counts 2, 7, 9 and 17, and five years as to Count 18, to run concurrently. Petitioner was also ordered to pay restitution totaling $323,613.00. The Court further ordered payment of a $100 mandatory special assessment on the three counts, totaling $300.

**Appeal**

Petitioner, by counsel, filed a timely notice of appeal to the United States Court of Appeals for the Fifth Circuit. Petitioner appealed his conviction and corresponding

sentence as to Counts 2, 7, 9, 17, and 18. Petitioner contended his plea was involuntary because the Court neglected to inform him about restitution at the arraignment. ECF No. 610. The Court of Appeals affirmed the conviction and sentence holding the Court's failure to admonish Petitioner regarding the restitution order did not affect his substantial rights. ECF No. 732. On February 23, 2015, the Supreme Court denied certiorari.

**Motion to Vacate**

On February 23, 2016, Petitioner timely filed a pro se motion attacking his conviction and sentence under 28 U.S.C.A. 2255. In the Motion, Petitioner asserted three grounds of ineffective assistance of counsel. In Ground One Petitioner alleged that his pretrial counsel failed to: (1) conduct an adequate and independent pretrial investigation; (2) communicate with him and inform him of the relevant circumstances and likely consequences of pleading guilty as opposed to proceeding to trial; and (3) attempt to negotiate a favorable plea agreement. In Ground Two, Petitioner alleged his sentencing counsel failed to: (1) review, discuss, and explain the Pre-Sentencing Report ("PSR") with him prior to the sentencing hearing; (2) file objections to the PSR; and (3) argue for mitigation of punishment. In Ground Three, Petitioner alleged his appellate counsel failed to: (1) communicate with him regarding his direct appeal; (2) allow him to participate in its appeal; and 3) raise stronger issues, which were available and ripe for disposition. ECF No. 793.

In response, Government moved for summary judgment based on Petitioner's waiver rights in his plea agreement and sought specific performance of the plea agreement. The Government asserted Petitioner's allegations regarding his dissatisfaction with counsel fell within the scope of his 2255 waiver because, on their

face, they were not direct challenges to the voluntariness of his plea. Therefore, the allegations were not direct challenges to the validity of the 2255 waiver in Petitioner's plea agreement. The Government further asserted that any grounds that did not challenge the validity of his plea conflict with the record, were without merit, and should be dismissed. ECF No. 803. On June 29, 2016, the district court denied Petitioner's motion to vacate. ECF No. 834. On July 28, 2017, the Court of Appeals denied Petitioner's motion for a Certificate of Appealability. ECF No. 869.

### B. Instant § 2241 Petition

Petitioner raises two grounds for relief. First, he alleges that the District Court erred in concluding that it could not vary from the Guidelines range based on the mandatory minimum sentences. In support of this argument, Petitioner relies on the decision in Dean v. United States, 137 S.Ct. 1170 (2017). In addition, Petitioner alleges that his 924(c) conviction must be dismissed because the underlying offense of "Hobbs Act robbery" no longer categorically qualifies as a "crime of violence." In support of this argument, Petitioner relies on the decision in United States v. Davis, 139 S.Ct. 2319 (2019). For relief, Petitioner requests that his sentence be vacated for resentencing. In the alternative, he requests that an evidentiary hearing be held so that he may further prove his meritorious ground for relief, resolve any disputed facts, and expand an incomplete record.

### III. Standards of Review

**Reviews of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions

for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### A. Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### B. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and sentence and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition

6

for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000). With respect to challenges involving the validity of a sentence, the savings clause is available only when the petitioner can establish that: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of

7

the sentence; (2) subsequent to his direct appeal and first 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) he cannot satisfy the gatekeeping provisions of 2255 (h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect. United States v. Wheeler, 886 F.3rd 415, 429 (4th Cir. 2018). The Fourth Circuit specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be enough to satisfy the second prong of the four-part test established in Wheeler. Id. In addition, the Fourth Circuit held that the savings clause requirements are jurisdictional rather than procedural; therefore, if they are not met, the Court does not have jurisdiction to entertain the § 2241 petition. Id. at 426. The petitioner bears the burden of establishing that a § 2255 motion is inadequate or ineffective and that he satisfies the savings clause requirements. See Hood v. United States, 13 Fed Appx. 72, 2001 WL 648636, at *1 (4th Cir. 2001); McGee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Hayes v. Ziegler, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W. Va. February 20, 2014), aff'd, 573 F.App'x. 268 (4th Cir. 2014).

### IV. Analysis

Although Petitioner alleges that he satisfies the savings clause, he is mistaken. First, he misconstrues the import of Davis on his conviction under 924(c). § 924(c) criminalizes carrying or using a firearm in furtherance of a crime of violence. 18 U.S.C. § 924(c)(1)(A). Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or

> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B). § 924(c)(3)(A) is often referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause."

Under Davis, in which the defendants were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, the Supreme Court announced a newly recognized right by finding § 924(c)'s **residual** clause to be unconstitutionally vague. 139 S.Ct. at 2336. Considering Davis, Petitioner's conviction under § 924(c) is valid only if his underlying conviction for bank robbery qualifies under the elements clause of § 924(c)(3)(A). See 139 S.Ct. at 2336.

In this case, Petitioner pleaded guilty to one count of conspiracy to commit bank robbery in violation of 18 U.S.C. § 371 (Count 2) and three counts of bank robbery in violations of 18 U.S.C. § 2113(a). The conspiracy offense no longer qualifies as a 924(c) crime of violence, because it may be committed without the use of physical force required by the elements clause, rather, the offense may rest on a mere agreement. See, e.g., United States v. Barrett, 937 F.3d 126, 129 (2d Cir. 2019); United States v. Simms, 914 F.3d 229, 233-34 (4th Cr. 2019) (en banc) (the government concedes the point and the court agrees); United States v. Reece, 938 F.3d 630, 635-36 (5th Cir. 2019) (conspiracy to commit bank robbery is not a 924(c) predicate); United States v. Ledbetter, 929 F.3d 338, 360-61 (6th Cir. 2019) (same); Brown v. United States, 942 F.3d 1069 (11th Cir. 2019) (per curiam) (the government concedes and the court agrees that conspiracy to commit Hobbs Act robbery is not a 924(c) crime of violence).

However, a person commits bank robbery when he:

9

> by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or anything of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association….

18 U.S.C. § 2113(a).

Under Fifth Circuit precedent, bank robbery as defined under 2113(a), qualifies as a crime of violence "because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force." United States v. Cadena, 728 Fed. Appx. 381 (5th Cir. 2018) citing United States v. Brewer, 848 F.3d 711, 714-16 (5th Cir. 2017). Therefore, Petitioner's convictions under 18 U.S.C. § 2113(a) qualify as violent felonies supporting his conviction and sentence under § 924(c).

Finally, neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect. However, the Fifth Circuit has recently held that Section 2255 challenges based on Davis meet the gatekeeping requirement applicable to second or successive 2255 motions; specifically that a petitioner makes a prima facie showing that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019). In reaching this decision, the Fifth Circuit is joined by the Third, Tenth, and Eleventh Circuits. See In re Matthews, 934 F.3d 296 (3d Cir. 2019; United States v. Bowen, 2019 WL 4146452, at *4 (10th Cir. Sept. 3, 2019); In re Hammond, 931 F.3d 1032, 1039 (11th Cir. 2019). Therefore, even if this court were to determine that Petitioner meets the first two elements of the In re Jones test, he cannot satisfy the third element because the decision in Davis is a new rule of constitutional law. The undersigned agrees with the

10

reasoning of these courts and concludes that Davis applies retroactively. Therefore, Petitioner is foreclosed from bringing a § 2241 habeas petition in this court to challenge his conviction. Petitioner's remedy, if any, lies with an application to file a second or successive § 2255 petition.

Petitioner's second argument is that the district court erred in concluding that it could not vary from the guideline range based on the mandatory minimum sentence that he would receive under § 924(c).  In support of this allegation, Petitioner recites in detail the Supreme Court's decision in Dean v. United States, 137 S.Ct. 1170 (2017).

Dean stands generally to reaffirm a sentencing court's discretion in crafting a just and proportional sentence. Specifically, it deals with the fact that a conviction under § 924(c) carries a mandatory minimum term, and that term must be imposed consecutive to the sentence imposed for the related, underlying offense. Id. at 1174. The Dean decision held that this mandatory consecutive provision, and its effect on a defendant's entire sentence, can be considered by the sentencing court when sentencing on the other count or counts. Id. at 1176. If the § 924(c) mandatory minimums are enough, in the sentencing court's view, to provide a just sentence, then the Court has the discretion to vary the sentence for the predicate offenses. Id. at 1177. That sentence can be lowered down to one day, as an extreme example, as the § 924(c) sentence would still be consecutive to the underlying offense. Id. The Supreme Court found that Dean merited relief because the sentencing judge, would have given him much lower sentences on some of his charges then indicated by the guidelines had he believed he had the discretion to do so. Id. at 1175.

The undersigned notes that there is nothing in the record of Petitioner's criminal conviction that indicates that the district judge falsely believed that it could not vary his sentence for the §924(c) predicate counts. In fact, during the sentencing hearing, the district judge declined counsel's request to entertain a downward variance from 324 months to 240 months, which when stacked with the mandatory 120 months would sentence petitioner to thirty years. In reaching his sentencing decision, the district judge noted as follows:

> I do want to note that this defendant is the highest Criminal History Category in the Federal Government system, in the Federal Judicial system. He has a Criminal History Category of 6, including unlawfully carrying a weapon, burglary of a habitation, discharging a firearm in a metropolitan area, prohibited weapons possession, assault on a family member, felon in possession of a weapon, felon in possession of basically PCP, possession of cocaine, burglary of a building, assault on a family member. It goes on and on.
>
> I also want to note that since the deviation in the sentencing guidelines was greater than 24 months, I need to give some reasons. I give reasons, some of which have been covered by the allocutions by the government and the defense, but basically I need to make these my findings specifically, considering the seriousness of the offenses, including at least five bank robberies, one which the deputy being shot, although he didn't pull the trigger.
>
> The Criminal History Category, which was seven points above the minimum required for a Criminal History Category of 6, the need to protect the public and the possibility of further crimes of the defendant and considering 18, U.S.C., Section 3553(a), I think the following is an appropriate sentence in the case, also noting the calculations in this case.

ECF No. 703 at p. 8.

Furthermore, Petitioner cannot satisfy the <u>Wheeler</u> test for challenging his sentence. First, <u>Dean</u> is clearly a decision of statutory law--an interpretation of a district court's sentencing discretion under 18 U.S.C. 3553(a). No portion of <u>Dean</u> interprets the

12

Constitution. However, utilizing the decision in Teague v. Lane, 489 US 288 (1989), Dean does not apply retroactively to cases on collateral review.

Dean is a new rule which is procedural not substantive because it regulates sentencing procedure, with the Court leaving untouched the reach of any criminal statute. See Welch v. United States, 136 S.Ct. 1267, 1264-65 (2016) (distinguishing between procedural rules, which have "to do with the range of permissible methods a court might use," and substantive rules, such as the one announced in Johnson, which invalidated the Armed Career Criminal Acts residual clause and thereby redefined the range of conduct punishable by the Act). While "substantive" rules--which reduce or enlarge the scope of a criminal statute--are always retroactive, procedural rules which govern all other aspects of a criminal proceeding, are retroactive only if they are "watershed." Teague, 489 US at 311; see also Schiro v. Summerlin, 542 U.S. 348, 352 (2004) (explaining that habeas petitioners need to make a more demanding showing to rely retroactively on a new procedural rule because changes to procedure have a "more speculative connection to innocent acts" than substantive rules).

A watershed rule is a rule both necessary to prevent "an impermissibly large risk" of an inaccurate conviction and which changes the understanding of the "bedrock procedural elements" of a proceeding. Teague, 489 U.S. at 311-13. Apart from Gideon v. Wainwright, 372 U.S. 335 (1963), the landmark decision recognizing an indigent criminal defendant's right to counsel, the Supreme Court has not identified any other procedural rules qualifying for watershed status. See Whorton v. Bockting, 549 U.S. 406, 418) ( emphasizing that "in the years since Teague, [the Court] has rejected every claim that a new rule satisfies the requirement[s] for watershed status").

Given this analysis, a rule governing what the judge may consider at sentencing cannot implicate the fundal fairness and accuracy of a proceeding to amount to a watershed rule, and the undersigned has found no court to hold otherwise. See, Garcia v. United States, 923 F.3d 1242, 1245-46 (9th Cir. 2019) (holding that Dean has not been made retroactive to cases on collateral review); In re Dockery, No. 17-50367, 2017 WL 3080914, at *1 (5th Cir. July 20, 2017) (denying petitioner's motion for authorization to file successive § 2255 because the Supreme Court has not made Dean retroactive to cases on collateral review) (per curiam); Habeck v. United States, 741 F. App's 953, 954 (4th Cir. 2018) (recognizing that Dean has not been held to apply retroactively to cases on collateral review)[2] (per curiam); United States v. Mashore, 2018 WL 5116492, at *2 (E.D. Va. Oct. 19, 2018) (Dean "fails to recognize a new right that applies retroactively to cases on collateral review.").

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice** because Petitioner is unable to meet the § 2255 savings clause, and therefore, this court lacks jurisdiction.

Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits,

---

[2] It is pertinent to that the Fourth Circuit opinion in Habeck dealt with a §2241 petition challenging a sentence considering the decision in Wheeler.

14

unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  May 21, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE